UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DAVID R. CAMM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00123-TWP-DML |
| ) | |
| STANLEY O. FAITH, SEAN CLEMONS, ) | |
| SAM SARKISIAN, JAMES NIEMEYER, ) | |
| WILLIAM L. WALLS, ROBERT NEAL, ) | |
| JAMES BIDDLE, JAMES HICKERSON, ) | |
| MYRON WILKERSON, GARY GILBERT, ) | |
| KEITH HENDERSON, STEVE OWEN, ) | |
| ROBERT STITES, RODNEY ENGLERT, ) | |
| ENGLERT FORENSIC CONSULTANTS, ) | |
| LLC, UNKNOWN JOHN DOE AND JANE ) | |
| DOE OFFICERS, and UNKNOWN ) | |
| RICHARD AND ROBERTA ROE ) | |
| SUPERVISORS, ) | |
| ) | |
| Defendants. ) | |

## ENTRY DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE/CHANGE DIVISION FOR PURPOSES OF TRIAL

This matter is before the Court on a Motion to Transfer Venue filed pursuant to 28 U.S.C. § 1404(a) by Plaintiff David R. Camm ("Camm") ([Filing No. 135](Filing No. 135)). Camm filed this action against numerous law enforcement officers, prosecutors, and other individuals, asserting claims for violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 as well as state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision, and *respondeat* superior. This case is pending in the New Albany Division, the division in which Camm originally filed this action. Camm now moves the Court to transfer venue from the New Albany Division to the Indianapolis Division for trial, asserting that he is unfairly prejudiced in New Albany, Indiana because of the pretrial publicity this case has received.

Defendants oppose a change of venue. For the following reasons, the Motion to Transfer Venue is **denied**.

## I. LEGAL STANDARD

A party may seek change of venue pursuant to 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

"[S]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness. By the same token, [appellate courts] grant a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010) (citations and quotation marks omitted). The Seventh Circuit has further explained,

> The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice. The statute permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.

*Id.* at 978 (citation and quotation marks omitted).

Concerning the factor of "convenience," courts consider the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Id.* "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id.*

Concerning the factor of the "interest of justice," courts consider the efficient administration of the court system, docket congestion and likely speed to trial in each forum, each court's familiarity with the relevant law, the desirability of resolving controversies in each location, and the relationship of each community to the controversy. *Id.*

## II. **DISCUSSION**

Camm argues that transfer from the New Albany Division to the Indianapolis Division is appropriate due to prejudicial pretrial publicity. He explains that he was indicted three times for the murders of his wife and children and convicted twice in state court in Southern Indiana. Only after his third trial, held in Boone County (Central Indiana), did the jury return a verdict of not guilty. This not guilty verdict was returned following two appeals. Camm also points out that Defendant Keith Henderson ("Henderson"), who prosecuted Camm's second and third criminal cases, was publicly reprimanded by the Indiana Supreme Court, for ethical violations related to Camm's case.

Camm's multiple prosecutions, convictions, and appeals were widely publicized in the local media in Southern Indiana. This civil action also has been mentioned in the Southern Indiana media, including a news story about Camm's settlement with some of the Defendants in this case. Camm points out that a book and television programs have covered his criminal cases. He also provides a sample of public comments left on a website covering Camm's recent settlement with some of the Defendants in this case. The comments show the strong feelings surrounding this civil case. Camm asserts that "[s]electing a jury under these circumstances is bound to be extremely difficult, if not impossible." ([Filing No. 135 at 5](#).) Camm believes he cannot receive a fair and impartial trial in Floyd County, Indiana, which is the county where the New Albany Division courthouse sits, "because of the current state of public opinion in Floyd County, precipitated by

3

what is now almost 20 years of pretrial publicity." *Id.* at 1–2. Thus, he requests a change of venue to the Indianapolis Division for trial.

In their response opposing the Motion, the Defendants assert that Camm has failed to make any showing that a fair trial cannot be had in New Albany and that such a determination should be made during *voir dire*. They further explain that the two jury trials that resulted in convictions occurred in two different counties in Southern Indiana, not just in Floyd County. Their argument also notes that potential jurors for the New Albany trial will come from numerous counties, not just Floyd County and Warrick County where Camm had been previously convicted.

Concerning Henderson's public reprimand for ethical violations, the Defendants assert that "[t]here is no showing how a book that wasn't published ten years ago affects potential jurors today." ([Filing No. 136 at 3](#).) The Defendants note that Camm's second criminal prosecution was moved from Floyd County to Warrick County, almost one hundred miles from New Albany, and was more likely to have been publicized in the Evansville media market than the New Albany/Louisville (Kentucky) media market. Yet, Camm was still convicted following his second criminal trial held outside the New Albany area.

Importantly, Defendants assert that Camm's criminal cases have received media attention not only in the New Albany/Louisville area but also throughout all of Indiana. The Defendants point to media coverage in Indianapolis via The Indianapolis Star newspaper. Like New Albany, the Indianapolis media covered Camm's recent settlement with some of the Defendants in this case. The Defendants point out that much of the media coverage is negative toward the Defendants, not Camm. They further assert that there is no showing that the public comments that are negative toward Camm are from any residents of the New Albany Division.

Regarding the interests of justice and the public interest, Defendants argue the considerations generally do not favor one division over another. The efficient administration of the court system, docket congestion, likely speed to trial, and the court's familiarity with the relevant law are immaterial because both the New Albany and Indianapolis Divisions are in the same District and the case will be handled by the same Judge. However, Defendants assert that the litigants' interests favor a trial in New Albany as does the desirability of resolving the controversy near the location of the events and the relationship of the community to the controversy. The parties and witnesses live close to the New Albany courthouse, not Indianapolis. It is more convenient and less expensive to have trial in New Albany rather than to incur the cost of numerous witnesses and parties traveling to Indianapolis for a long trial. The evidence and crime scene is near New Albany. Any witness in Louisville who needs to be subpoenaed would be within reach in New Albany but beyond the 100-mile limit of Rule 45(c) if trial is in Indianapolis.

Considering the entirety of both parties' arguments, the Court determines that the Defendants' argument is well taken. There is much greater convenience and fairness to the witnesses and parties in having the trial in New Albany. Evidence and the scene of the events are near New Albany, not Indianapolis. The availability of witnesses and the ability to subpoena witnesses in Louisville is important and points to keeping venue in New Albany. The considerations of the efficient administration of the court system do not favor one division over another because changing venue from New Albany to Indianapolis would not provide a new docket, new judge, or new court.

Camm acknowledges that the "national media" has covered his criminal cases, not just local media. Camm further acknowledges that the public comments left on media websites "cut

both ways," where some comments are critical of Camm and some are critical of the Defendants. The pretrial publicity has occurred in both New Albany and Indianapolis, and it has been critical of both Camm and the Defendants. Therefore, these facts do not favor one division over another. The appropriate measure to ensure a fair and impartial jury is to complete a thorough and thoughtful *voir dire*. Given these considerations, the Court determines that changing venue from New Albany to Indianapolis is not necessary or appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Camm's Motion to Transfer Venue ([Filing No. 135](#)). The litigation will continue to proceed in the New Albany Division.

**SO ORDERED.**

Date: 6/6/2017

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel J. Canon
CLAY DANIEL WALTON & ADAMS
dan@justiceky.com

Garry R. Adams
CLAY DANIEL WALTON & ADAMS
garry@justiceky.com

Nikki G. Ashmore
INDIANA ATTORNEY GENERAL
Nikki.Ashmore@atg.in.gov

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Mario Garcia
BRATTAIN MINNIX GARCIA
mgarcia@brattainminnix.com

John Anthony Molloy, III
BRATTAIN & MINNIX
jmolloy@brattainminnix.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com