# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

DAVID CAMM,             )
                             )
           Plaintiff,        )
                             )
        v.                 )       CAUSE NO. 4:14-cv-00123-TWP-DML
                             )
SEAN CLEMONS, *et al.*,     )
                             )
          Defendants.     )

## JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Order in ECF 371, the Parties hereby submit the following set of joint proposed jury instructions for use at trial. The Parties reserve the right to withdraw, amend, modify and/or add to these instructions at any time before closing argument.

Dated this 5th day of November, 2021.

# Table of Contents

1.  1.01 Functions of the Court and the Jury ……………………………………3
2.  Issue Statement……………………………………………………………4
3.  1.02 No Inference from Judge's Questions ……………………………………8
4.  1.03 All Litigants Equal Before the Law ……………………………………9
5.  1.04 Evidence ……………………………………………………………10
6.  1.05 Deposition Testimony ………………………………………………11
7.  1.06 What Is Not Evidence ………………………………………………12
8.  1.07 Note-Taking ………………………………………………………13
9.  1.11 Weighing the Evidence ………………………………………………14
10. 1.12 Definition of "Direct" and "Circumstantial" Evidence ………………15
11. 1.13 Testimony of Witnesses ……………………………………………16
12. 1.14 Prior Inconsistent Statements or Acts ………………………………17
13. 1.17 Number of Witnesses ………………………………………………18
14. 1.18 Absence of Evidence ………………………………………………19
15. 1.25 Multiple Claims; Multiple Defendants ………………………………20
16. 1.27 Burden of Proof ……………………………………………………21
17. 2.10 Cross-Examination of Character Witness ……………………………22
18. 7.01 Police Department/Municipality Not a Party ………………………23
19. 7.02 Requirement of Personal Involvement ………………………………24
20. 7.03 Under Color of Law…………………………………………………25
21. Fourth Amendment: False Arrest – Definition of "Probable Cause" …………26
22. IC § 35-42-1-1(1): Murder – Elements …………………………………28
23. Section 1983 – Unlawful Seizure – Arrest – Warrant Application……………29
24. Collective Knowledge Doctrine …………………………………………30
25. 7.14 Section 1983 – Fair Trial: Concealment of Exculpatory Evidence ………31
26. Section 1983 – Damages ………………………………………………38
27. Court Ruling re: Limitation of Damages …………………………………39
28. 7.26 Damages: Compensatory ……………………………………………40
29. 7.28 Damages: Punitive …………………………………………………44
30. 1.32 Selection of Presiding Juror; General Verdict ………………………46
31. 1.33 Communication with Court …………………………………………47
32. 1.34 Disagreement Among Jurors ………………………………………48

# JOINT PROPOSED INSTRUCTION NO._____

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.01 (2007 ed., revised August 2017) (unmodified)

## DEFENDANT'S PROPOSED INSTRUCTION NO._____

**[Plaintiff objects to the inclusion of this instruction, and proposes his own instruction following.]**

The positions of the parties can be summarized as follows:

Plaintiff David Camm was arrested and charged with the murder of his wife, Kim Camm, and his children, Brad and Jill Camm. The murders occurred on September 28, 2000. Plaintiff was convicted twice. Each of these convictions was overturned for reasons unrelated to this case. He was found not guilty in a third trial. Defendant Sean Clemons was the Indiana State Police lead detective in the first criminal matter. Defendant Robert Stites was an apprentice of Rodney Englert, an expert in the area of blood spatter analysis.

Plaintiff asserts two claims. First, one of the claims concerns the probable cause affidavit filed on October 1, 2000 in support of the murder charges, which led to Plaintiff's arrest. Plaintiff contends that the Defendants (1) made false statements in the probable cause affidavit; (2) Defendant made those false statements either knowingly or intentionally or with a reckless disregard for the truth; and (3) those false statements were material, or necessary, to the finding of probable cause for the arrest warrant.

Second, the other claim concerns Defendant Clemons' failure to disclose that the unidentified male DNA profile was not run through the Combined DNA Index System (CODIS) and Defendant Clemons and Stites' failure to disclose Defendant Stites' lack of qualification to render an opinion on blood spatter evidence. Plaintiff

4

contends that he could not through reasonable diligence discover either.   Plaintiff further contends that had these items been disclosed he would have been found not guilty at the first trial.

## PLAINTIFF'S PROPOSED INSTRUCTION NO._____

**[Defendant Clemons objects to the inclusion of this instruction, and proposes his own instruction proceeding.]**

The positions of the parties can be summarized as follows:

The Plaintiff, David Camm, was a former Indiana State Trooper. After his retirement from the State Police, Mr. Camm started working with his uncle, Sam Lockhart, in the family business at United Dynamics, Inc. On the night of September 28, 2000, just a few months after he left the Indiana State Police, David was playing basketball at his church with ten other people. When he arrived home after playing basketball, he opened his garage door to discover his wife lying on the floor in a large pool of blood. He frantically began to search for his children. He saw his son Bradley in the back of his wife's Bronco and climbed into the backseat to get to him, then discovering his daughter Jill next to her brother. Desperately trying to save his son, Camm pulled Bradley out of the car and away from his sister, resulting in Camm getting Jill's blood on his clothing, and began providing Bradley CPR. After several cycles of compressions and breaths, Camm paused to call ISP.

What followed in the next three days is the subject matter of this case. You will hear and see evidence of the three days of investigation which led up to the Defendant, Sean Clemons, an ISP Detective assigned as the lead investigator in the murders of David's wife and children signing a probable cause affidavit and submitting it to an Indiana judge for the arrest of David Camm. You will also hear and see evidence

related to Defendant Robert Stites involvement in that investigation and the information he provided which was included in that probable cause affidavit signed by Defendant Clemons. Mr. Camm claims that in the probable cause affidavit, Defendant Sean Clemons intentionally, knowingly, or recklessly included false information or omitted material information from that affidavit which the Judge who reviewed the warrant would have found material to his decision to approve the arrest of David Camm. Some of that false or omitted material information was provided to Defendant Clemons was supplied by Defendant Robert Stites. Clemons and Stites deny that any false information was included or material information was omitted.

You will also hear and see evidence related to a sweatshirt which was found next to Bradley Camm's body and the timeline of events of running DNA tests on that sweatshirt. Mr. Camm claims in the criminal prosecution against him, which ultimately resulted in his acquittal, that exculpatory evidence related to the DNA testing performed on that sweatshirt was withheld from him. Defendant Clemons denies that any exculpatory information was withheld.

You will also hear and see evidence related to the supposed qualifications and experience of the Defendant Robert Stites, and whether he was a crime scene reconstructionist qualified to give the Indiana State Police an opinion on blood spatter evidence. Mr. Camm claims in the criminal prosecution against him, which ultimately resulted in his acquittal, that exculpatory evidence related to the lack of qualifications of Mr. Stites was withheld from him. Defendant Clemons and Defendant Stites deny that any exculpatory information was withheld.

**JOINT PROPOSED INSTRUCTION NO._____**

During the trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**<u>Authority in Support</u>:**

Seventh Circuit Model Civil Jury Instructions, § 1.02 (2007 ed., revised August 2017) (unmodified)

## JOINT PROPOSED INSTRUCTION NO._____

You should consider and decide this case as an action between persons of equal standing in the community, and holding the same or similar stations in life. Each party is entitled to the same fair consideration. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 1.03 (2007 ed., revised August 2017) (modified)

## JOINT PROPOSED INSTRUCTION NO._____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

A stipulation is an agreement between both sides that certain facts are true.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.04 (2007 ed., revised August 2017) (modified)

**JOINT PROPOSED INSTRUCTION NO._____**

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had witnesses appeared and testified here in court.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 1.05 (2007 ed., revised August 2017) (unmodified)

## JOINT PROPOSED INSTRUCTION NO._____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.06 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.07 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.11 (2007 ed., revised August 2017) (unmodified)

## JOINT PROPOSED INSTRUCTION NO._____

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."

Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.12 (2007 ed., revised August 2017) (unmodified)

## JOINT PROPOSED INSTRUCTION NO._____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.13 (2007 ed., revised August 2017) (unmodified)

## JOINT PROPOSED INSTRUCTION NO._____

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 1.14 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

<u>**Authority in Support**</u>:

Seventh Circuit Model Civil Jury Instructions, § 1.17 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 1.18 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 1.25 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

The plaintiff bears the burden of proof on the elements of a Section 1983 claim.

Plaintiff must prove the elements of a 1983 claim by a preponderance of the evidence.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.


**<u>Authority in Support</u>**:

Third Circuit Model Civil Jury Instructions, § 4.1 (July 2019) (unmodified);

Third Circuit Model Civil Jury Instructions, § 4.3 (July 2019) (modified);

Seventh Circuit Model Civil Jury Instructions, § 1.27 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

**[Defendant Clemons proposes this instruction in the event the Court allows the character evidence regarding Stanley Faith to be introduced at trial.]**

The questions and answers you have just heard were permitted only to help you decide what this witness really knew about the reputation of Stanley Faith for truthfulness. You may not use the questions and answers you have just heard for any other purpose.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 2.10 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

Defendants are being sued as individuals. Neither the Indiana State Police nor the State of Indiana are a party to this lawsuit.


**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 7.01 (2007 ed., revised August 2017) (unmodified)

**JOINT PROPOSED INSTRUCTION NO._____**

Plaintiff must prove by a preponderance of the evidence which specific individual was personally involved in the conduct he complains about. You may not hold an individual liable for what others did or did not do.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 7.02 (2007 ed., revised August 2017) (unmodified)

**DEFENDANT'S PROPOSED INSTRUCTION NO._____**

**[Plaintiff objects to the inclusion of this instruction.]**

One of the things Plaintiff must prove is that Defendants acted "under color of law."

(a) Public employee defendant

A person who is employed by the government acts "under color of law" if he uses or misuses authority that he has because of his official position. A person may act under color of law even if he is violating a state or local law or policy. You may find that Defendant acted under color of law even if he was acting outside his authority if he represented himself as having that authority or if he otherwise used his position to accomplish the act.

(b) Non-public employee defendant

To establish that Mr. Stites acted "under color of law," Plaintiff must prove by a preponderance of the evidence, first, that Mr. Stites and Stanley Faith reached an understanding to deprive Plaintiff of constitutional rights and second, that Mr. Stites knowingly participated in joint activity with Stanley Faith.


**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 7.03 (2007 ed., revised August 2017) (unmodified)

§ 7.03(b) as modified. *See El-Shabazz v. Wehrmeyer*, No. 2:18-cv-00408-JMS-DLP (S.D. Ind. Apr. 17, 2019).

## DEFENDANT'S PROPOSED INSTRUCTION NO._____

**[Plaintiff objects to the inclusion of this instruction, and proposes his own instruction following.]**

Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed an offense.

In making this decision, you should consider what Defendant knew and the reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right.

The fact that Plaintiff was later acquitted of Murder does not by itself mean that there was no probable cause at the time of his arrest.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 7.08 (2007 ed., revised August 2017) (modified);

*Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019) (quoting *Gower v. Vercler*, 377 F.3d 661, 668 (7th Cir. 2004)).

## PLAINTIFF'S PROPOSED INSTRUCTION NO._____

**[Defendant Clemons objects to the inclusion of this instruction, and proposes his own instruction proceeding.]**

Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.

**Authority in Support**:

*Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019).

**JOINT PROPOSED INSTRUCTION NO._____**

In Indiana, the crime of murder is defined by law as follows:

1. A person who

2. knowingly or intentionally

3. kills

4. another human being

commits murder, a felony.


**Authority in Support**:

Indiana Code § 35-42-1-1(1) (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO._____**

**[Plaintiff objects to the inclusion of this instruction, and proposes his own instruction following.]**

In this case, prior to arresting Plaintiff, Defendant obtained a warrant authorizing the arrest. If judicially authorized, a warrant is presumed valid along with the information offered to support it.

This presumption may give way on a showing that the officer who sought the warrant knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest.

Plaintiff asserts that Defendant obtained the warrant by making false statements in the probable cause affidavit.

To show that the arrest pursuant to this warrant violated the Fourth Amendment, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. The Defendant made false statements in the probable cause affidavit.

2. Defendant made those false statements either knowingly or intentionally or with a reckless disregard for the truth.

3. Those false statements were material, or necessary, to the finding of probable cause for the arrest warrant.

It is not enough for Plaintiff to prove that Defendant was negligent or that Defendant made an innocent mistake. An officer acts with reckless disregard for the truth when he in fact entertains serious doubts as to the truth of his allegations.

**Authority in Support**:

Third Circuit Model Civil Jury Instructions, § 4.12.3 (July 2019) (modified);

*Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010);

*United States v. Williams*, 718 F.3d 644, 650 (7th Cir. 2013) (quoting *United States v. Lowe,* 516 F.3d 580, 584 (7th Cir. 2008)).

## PLAINTIFF'S PROPOSED INSTRUCTION NO._____

**[Defendant Clemons objects to the inclusion of this instruction, and proposes his own instruction proceeding.]**

In this case, prior to arresting David Camm, Sean Clemons and Robert Stites obtained a warrant authorizing the arrest. Camm asserts that Clemons and Stites obtained the warrant by making false statements or omitting material facts created a falsehood in the warrant affidavit.

To show that the arrest pursuant to this warrant violated the Fourth Amendment, Camm must prove each of the following three things by a preponderance of the evidence:

First: In the warrant affidavit, Clemons or Stites made false statements, or omissions that created a falsehood.

Second: Clemons or Stites made those false statements or omissions either deliberately, or with a reckless disregard for the truth.

Third: Those false statements or omissions were material, or necessary, to the finding of probable cause for the arrest warrant.

Omissions are made with reckless disregard for the truth when an individual omits facts that are so obvious that any reasonable person would know that a judge would want to know those facts. Assertions are made with reckless disregard for the truth when an individual has obvious reasons to doubt the truth of what he is asserting. It is not enough for Camm to prove that Clemons or Stites was negligent or that Clemons or Stites made an innocent mistake.

To determine whether any misstatements or omissions were material, you must subtract the misstatements from the warrant affidavit, and add the facts that were omitted, and then determine whether the warrant affidavit, with these corrections, would establish probable cause.

If you find that Plaintiff proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.


**<u>Authority in Support</u>**:

Third Circuit Model Civil Jury Instructions § 4.12.3 (July 2019)(modified);

Seventh Circuit Model Civil Jury Instructions § 7.05 (2007 ed., revised August 2017)(modified).

*Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019).

**DEFENDANT'S PROPOSED INSTRUCTION NO._____**

**[Plaintiff objects to the inclusion of this instruction.]**

When law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officers under the collective knowledge doctrine. In other words, if an officer receives information from another officer, he was entitled to utilize and rely on that information in submitting a probable cause affidavit unless to do so constitutes reckless conduct.

<u>**Authority in Support**</u>:

*United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000)

**DEFENDANT'S PROPOSED INSTRUCTION NO._____**

**[Plaintiff objects to the inclusion of this instruction, and proposes his own instruction following.]**

Plaintiff claims that Defendant violated his right to a fair trial by failing to disclose impeachment evidence that was material to Plaintiff's defense in the criminal case. Specifically, for failing to disclose that the unidentified male DNA profile was not run through CODIS and failing to disclose Robert Stites' lack of qualifications.

To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant knowingly concealed from the prosecutor impeachment evidence, and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

 "Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Impeachment evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed. This requires full consideration of the entire criminal record by the jury.

If you find that Plaintiff has proved each of these things by a preponderance of

the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 7.14 (2007 ed., revised August 2017) (modified);

*Carvajal v. Dominguez*, 542 F.3d 561 (7th Cir. 2008).

## PLAINTIFF'S PROPOSED INSTRUCTION NO._____

**[Defendant Clemons objects to the inclusion of this instruction, and proposes his own instruction proceeding.]**

Plaintiff claims that Defendant Clemons and Stites violated his right to a fair trial by failing to disclose exculpatory or impeachment evidence, including the fact that the DNA sample taken from the collar of Charles Boney's prison issue sweatshirt was never run through the CODIS system, or the lack of Robert Stites' qualification as a crime scene reconstructionist able to provide an opinion as to blood spatter evidence, that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1.     Defendant Clemons or Stites knowingly concealed from the prosecutor exculpatory or impeachment evidence, and the evidence was not otherwise available to Plaintiff, throughthe exercise of reasonable diligence, to make use of at his criminal trial.

2.     The evidence was material.

3.     Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory or impeachment evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will notconsider the question of damages.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 7.14 (2007 ed., revised August 2017)(modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO._____**

**[Plaintiff objects to the inclusion of this instruction.]**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdicts in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**<u>Authority in Support</u>**:

Third Circuit Model Civil Jury Instructions, § 4.8.1 (July 2019) (modified); 106.02 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000).

**JOINT PROPOSED INSTRUCTION NO._____**

The Court has ruled that damages for Plaintiff's Fourth Amendment claim are limited in scope to March 17, 2002.

Damages for Plaintiff's *Brady* claim are limited in scope to March 9, 2005, for the evidence about the DNA profile of Charles Boney, and January 18, 2006, for the evidence about Robert Stites' lack of qualifications.

**<u>Authority in Support</u>**:

*David Camm v. Sean Clemons, et. al.*, Case No. 4:14-cv-00123-TWP-DML, *Order on Defendants' Motion for Summary Judgment*, Dkt. No. 357, filed June 29, 2021.

## DEFENDANT'S PROPOSED INSTRUCTION NO._____

**[Plaintiff objects to the inclusion of this instruction, and proposes his own instruction following.]**

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The wages that Plaintiff has lost and the present value of the wages that Plaintiff is reasonably certain to lose in the future because of his inability/diminished ability to work. Damages may not be awarded on the basis of mere conjecture or speculation; a plaintiff must prove that there is a reasonable certainty that the anticipated harm or condition will actually result in order to recover monetary compensation.

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 7.26 (2007 ed., revised August 2017) (modified);

*Henderson v. Sheahan*, 196 F.3d 839, 849 (7th Cir. 1999)

## PLAINTIFF'S PROPOSED INSTRUCTION NO._____

**[Defendant Clemons objects to the inclusion of this instruction, and proposes his own instruction proceeding.]**

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you mustdetermine the amount of money that will fairly compensate Plaintiff for any injury that youfind he sustained as a direct result of his imprisonment.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering or loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering lossof a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained. (Not to exceed 30 Million Dollars).

b. The wages, salary, profits, earning capacity that Plaintiff has lost.

(Not to exceed 1.5 Million Dollars.

      c.      The cost and expenses for Camm's criminal defense. (Not to exceed $911,709.95.)

      d.      If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

**PLAINTIFF'S PROPOSED INSTRUCTION NO._____**

**[Defendant Clemons objects to the giving of a punitive damage instruction. In addition, if the punitive damage instruction is given, Defendant Clemons requests the jury be instructed to find punitive damages on a clear and convincing evidence standard].**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- o   the reprehensibility of Defendant's conduct;

- o   the impact of Defendant's conduct on Plaintiff;

- o the relationship between Plaintiff and Defendant;

- o the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- o Defendant's financial condition;

- o the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 7.28 (2007 ed., revised August 2017) (unmodified).

## JOINT PROPOSED INSTRUCTION NO._____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

**<u>Authority in Support</u>**:

Seventh Circuit Model Civil Jury Instructions, § 1.32 (2007 ed., revised August 2017) (unmodified).

**JOINT PROPOSED INSTRUCTION NO._____**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.33 (2007 ed., revised August 2017) (unmodified).

## JOINT PROPOSED INSTRUCTION NO._____

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Authority in Support**:

Seventh Circuit Model Civil Jury Instructions, § 1.34 (2007 ed., revised August 2017) (unmodified).

Respectfully submitted,

Date: November 4, 2021

/s/ Cory C. Voight
Director of Complex Litigation
*Attorney for Defendant, Sean Clemons*
OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
(317) 232-6309
(317) 232-7979 (fax)
Cory.Voight@atg.in.gov


/s/ Andrew T. Lay
*Attorney for Plaintiff, David Camm*
ADAMS LANDENWICH WALTON, PLLC
517 W Ormsby Ave
Louisville, KY 40203
502-561-2005
502-415-7505 (fax)
pete@justiceky.com

/s/ Terry W. Tolliver
*Attorney for Defendant, Robert Stites*
BRATTAIN MINNIX GARCIA
One Indiana Square, Ste 2625
Indianapolis, IN 46204
317-231-1750
317-231-1760 (fax)
terry@bmgindy.com

## **CERTIFICATE OF SERVICE**

I certify that on November 4, 2021, the foregoing document was served upon the following person(s) via CM/ECF, or by depositing the foregoing document in the U.S. Mail, first-class, postage prepaid.

/s/ Cory C. Voight
Director of Complex Litigation
*Attorney for Defendant, Sean Clemons*

OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6309
Facsimile: (317) 232-7979
E-mail: Cory.Voight@atg.in.gov